UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SPARKLE MARTIN, a/k/a JUNNINE PETTIFORD**, et al.,

        Petitioners,

  v.

**EDWARD RENDELL**, et al.,

        Respondents.

Civil Action No. 07-310

### MEMORANDUM/ORDER

June 15, 2007,

    Prisoner Bruce Pettiford has filed a petition in this court pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus on behalf of his wife, Sparkle Martin (a/k/a Junnine Pettiford) and her "newborn child." For the reasons given below, the petition will be dismissed with prejudice.

    The federal habeas statute provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). However, in addition to meeting the statutory requirements, a litigant seeking to prosecute a "next friend" habeas petition (as a petition filed on behalf of another is known) "must establish

the requisite [Article III] standing to sue." *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *accord In re Zettlemoyer*, 53 F.3d 24, 26–27 (3d Cir. 1995) (per curiam). Moreover, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163–64 (noting that, were it otherwise, "litigant[s] . . . could circumvent the jurisdictional limits of Art[icle] III simply by assuming the mantle of 'next friend'")

As to Sparkle Martin, Pettiford has failed to establish the first "necessary condition for 'next friend' standing in federal court," i.e., "a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; *Zettlemoyer*, 53 F.3d at 26–27 (noting that "[t]he burden is on the 'next friend' to establish this prerequisite"). Pettiford therefore lacks standing to pursue relief on Martin's behalf, and we need not consider whether he meets the other requirements for next-friend standing—i.e., whether he is "'truly dedicated to the best interests of the person on whose behalf he seeks to litigate' . . . [and] '. . . ha[s] some significant relationship with [that person]." *Zettlemoyer*, 53 F.3d at 27 n.4 (quoting *Whitmore*, 495 U.S. at 163–64).

Furthermore, even if standing were somehow found as to Sparkle Martin, the petition would be dismissed, because relief under § 2254 is available only to persons "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a),[1] and Pettiford

---

[1] *See also* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [he or she] is in custody in violation of the Constitution or laws or

does not allege—nor does it appear to be the case—that Sparkle Martin is in such custody.[2]  The same analysis applies to Sparkle Martin's "newborn child."  Even if the child lacks an ability to litigate on his or her own behalf, even if Pettiford "has some significant relationship" with the child, and even assuming Pettiford could establish that he is "truly dedicated to the best interests" of the child, *Whitmore*, 495 U.S. at 163, there is no showing that the child is "in custody pursuant to the judgment of a State court," and the petition must be dismissed.  *See supra* note 2.[3]

Accordingly, it is hereby **ORDERED** that:

1. Bruce Pettiford's request for leave to proceed in forma pauperis is provisionally granted for the purposes of this Order only;

2. For the reasons stated above, this civil action is **DISMISSED WITH PREJUDICE**; and

---

treaties of the United States.").

[2] *See* Rules Governing Section 2254 Cases in the United States District Courts Rule 4 ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief . . ., the judge must dismiss the petition . . . ."); 28 U.S.C. § 2243 (stating that the court must "award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled" to relief); *cf. id.* § 2254(b)(2) (stating that a petition "for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust [state] remedies").

[3] *See also Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 515–16, 510–11& n.12 (1982) (holding that petition for habeas corpus is not proper method for challenging involuntary termination of parental rights or raising other claims not related to child's "actual[] confine[ment] in a state institution").

3.        There being no basis, under 28 U.S.C. § 2253, for a certificate of appealability of this Order, such certificate shall not issue.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.